*440 OPINION.
Love:
The question involved in this proceeding is what part of the cost of constructing the mill building should be allowed the petitioner as a deduction from gross income in each of the years 1924 and 1925. As set out in our findings the total cost of constructing the mill building was $50,084.88.
The petitioner now concedes that he was in error in claiming on his returns for the years 1924 and 1925 the amounts of $13,178.07 and $20,780.42, respectively. He now contends that by reason of the fact that the May 1, 1911, lease was canceled, to take effect on December 31, 1924, thereby vesting in the lessors the legal title to the improvements erected by him, he is entitled to deduct from gross income for the year 1924 not only the exhaustion of $10,730.12 allowed by the respondent, but also the remaining unextinguished cost of the improvements on December 31, 1924, in the amount of $18,-029.93, or a total deduction for the year 1924 of the amount of $28,760.05. He further concedes that if he is right in his present contention, then the amount of $1,802.99 allowed by the respondent as a deduction from gross income in 1925 should now be disallowed.
The respondent contends that his determination, the substance of which we have set out in our findings, was proper.
*441 Both parties have accepted the petitioner as the lessee under the lease entered into on July 31, 1924, and for the purpose of this opinion we will regard him as such.
The respondent in support of his contentions relies upon the decisions of this Board in Gladding Dry Goods Co., 2 B. T. A. 336; and Pig & Whistle Co., 9 B. T. A. 668. Both cases are directly in point and are decisive of the question here presented. See also Werner & Werner Clothing & Furnishing Goods Co., 9 B. T. A. 69; and Washington Catering Co., 9 B. T. A. 743.
The petitioner in his brief attempts to distinguish the facts in the instant case from those in the Gladding Dry Goods Co. case, supra, on the ground that in the latter case the existing lease was extended, whereas in the instant case it was canceled and a new lease entered into. Upon this distinction he argues that in his case there was a moment when technically “ possession and ownership ” of the improvements passed out of the lessee and into the lessor; that “ the natural consequence thereof was that the lessee no longer owned these mill buildings nor could he set up any depreciation therefor on his books after said cancellation ”; and that “ the obvious result then is that lessee as of December 31, 1924, lost the undepreciated portion of the cost to him of the buildings.”
The controlling factor is not whether the existing lease was “ extended” or “canceled.” It was “extended” in the Gladding case and “ canceled ” in the Pig & Whistle Co. case, supra, yet we reached the same result in both cases. As we said in the Gladding case (p. 339):
The material elements are, the person who makes the investment, use of the property, and the period over which that investment is to be recovered out of income.
Before the petitioner agreed to cancel the old lease and enter into a new lease the fact existed that on the basis of the existing lease there would remain on December 31, 1924, with respect to the cost of erecting the mill building an unextinguished cost of $18,029.93. He could either continue to operate under the old lease and have the use of the property until May 1, 1927, or he could agree to the terms proposed by the lessors whereby he would have the use of the mill building for another decade, provided the remaining useful life of the building at that time was at least 10 years, which fact has not been questioned. The facts show that he accepted the lessor’s terms to cancel the old lease and enter into a new one. Under such circumstances, and in the absence of any evidence showing that the remaining useful life of the mill building was less than the term of the second lease, we think the amount in dispute should remain *442 capitalized and returned to the petitioner in the form of deductions from gross income over the term of the new lease. The respondent’s determination is approved.

Judgment will be entered for the respondent.